UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

NATHANIEL GONZALEZ,

*Plaintiff,*

v.

TOAST INC. and ABSOLUTE POS LLC,

*Defendants.*

_____/

FILED BY _____ D.C.

JUN 2 3 2026

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S.D. OF FLA. – W.P.B.

Case# 9:26-cv-80463-BER

## PLAINTIFF'S OBJECTION PURSUANT TO RULE 72(a)

Plaintiff Nathaniel Gonzalez, proceeding pro se, objects, pursuant to Federal Rule of Civil Procedure 72(a) and 28 U.S.C. § 636(b)(1)(A), to the Magistrate Judge's paperless order entered June 22, 2026 (D.E. 33), granting Defendant Toast, Inc.'s Rule 56(d) Motion (D.E. 32) and denying Plaintiff's Motion for Summary Judgment (D.E. 24) without prejudice. The order is a single sentence, with no reasoning distinguishing among Plaintiff's four counts and no analysis of whether Toast's declaration met Rule 56(d)'s threshold. This objection rests on two independent defects: (1) no magistrate judge had authority to enter a final ruling denying a dispositive motion absent the consent of all parties, and the order denied Plaintiff's motion in full the same day the request that produced it was filed; and (2) Toast's Rule 56(d) showing did not meet the specificity the rule requires before any deferral was available at all.

## STANDARD OF REVIEW

Under Rule 72(a), a district judge must modify or set aside any part of a magistrate judge's order on a nondispositive matter that is "clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a);

28 U.S.C. § 636(b)(1)(A). An order granting Rule 56(d) relief without identifying any specific factual gap tied to the discovery sought is contrary to law, because Rule 56(d) requires deferral to be tied to specifically identified facts essential to the opposition and presently unavailable through no fault of the movant. See Fed. R. Civ. P. 56(d); Nguyen v. CNA Corp., 44 F.3d 234, 242 (4th Cir. 1995); SEC v. Spence & Green Chem. Co., 612 F.2d 896, 901 (5th Cir. 1980). That standard governs the discovery-deferral component of the order, but the same order also denies Plaintiff's Motion for Summary Judgment (D.E. 24) in full. (D.E. 33.) A magistrate judge may enter a final, binding order on a dispositive motion only where every party has consented to magistrate jurisdiction under 28 U.S.C. § 636(c); absent unanimous consent, that authority is limited to a report and recommendation under 28 U.S.C. § 636(b)(1)(B), subject to de novo review under Rule 72(b). The docket reflects only Plaintiff's individual consent, filed April 27, 2026, and states on its face: "NOT SIGNED by all parties." (D.E. 11.) No consent from either Defendant appears anywhere on the docket. The portion of the order denying Plaintiff's dispositive motion should therefore be reviewed de novo, not with the deference reserved for a magistrate judge's independent nondispositive authority.

**ARGUMENT**

**I. THE ORDER ISSUED THE SAME DAY TOAST'S MOTION WAS FILED, AND DENIED RATHER THAN DEFERRED PLAINTIFF'S MOTION IN SUBSTANCE**

Plaintiff filed his Motion for Summary Judgment on June 8, 2026; Toast's response was due fourteen days later, on June 22, 2026. (D.E. 24.) Rather than opposing the motion on its merits, Toast used its full fourteen days to file a Rule 56(d) Motion instead, itself subject to a July 6, 2026 response deadline. (D.E. 32.) The Magistrate Judge granted that motion and denied Plaintiff's motion the same day Toast's motion was filed, fourteen days before Plaintiff's own

docketed deadline to respond to it ever arrived. No emergency designation or order shortening time appears anywhere on the docket. The defect is not that Plaintiff was denied a turn to respond; it is that no order denying a fully briefed dispositive motion should have issued at all on that record, by that procedure, on that day.

Toast's motion sought denial or deferral in the alternative. (D.E. 32 (captioned "Motion to Deny or Defer Consideration of Plaintiff's Motion for Summary Judgment Pending Discovery").) But Rule 56(d) does not make denial and deferral interchangeable defaults simply because a movant requests either; both remedies are available only after the threshold showing addressed in Section II below is made, and the order does not explain why denial, the more drastic of the two, was the appropriate remedy for a fully briefed motion Defendants never opposed on the merits. Discovery is a tool the Federal Rules make available to test genuinely disputed facts; it is not an entitlement triggered merely because a party is unprepared to oppose a motion already on file. The Southern District's own pro se guidance counsels litigants to wait until they are trial-ready before filing dispositive motions for exactly this reason, so that the record presented reflects a developed case. Plaintiff did that: at the time of his termination, his own paystubs were the only documentation in his possession, and the record he ultimately built, including the termination letter Defendants did not issue until October 22, 2025, two weeks after the termination itself, came almost entirely from documents Defendants generated and produced themselves. Plaintiff waited until that record was developed before moving for summary judgment, understanding that he, not Defendants, would bear whatever burden discovery exists to address. Two represented Defendants, between them controlling the business records, accounts, and communications underlying every count at issue, have not identified a single specific fact within those records that remains genuinely disputed; they have identified only that they would prefer time to look.

3

That asymmetry, and the order's failure to require Toast to justify denial specifically rather than the more measured deferral it also requested, is itself contrary to law.

## II. TOAST'S RULE 56(d) SHOWING DID NOT MEET THE THRESHOLD THE RULE REQUIRES

Rule 56(d)'s remedies are available only "if" the nonmovant first shows, "by affidavit or declaration[,] that, for specified reasons, it cannot present facts essential to justify its opposition." Fed. R. Civ. P. 56(d) (emphasis added). Until that showing is made, the court has no occasion to select a remedy at all. Toast's declaration fails that threshold for four independent reasons.

First, it is generalized rather than claim-specific, exactly what the Magistrate Judge's own June 12, 2026 Standing Discovery Order forbids: "the parties shall not make nonspecific, boilerplate objections," and objections "not tied to a particular discovery request" will be struck. (D.E. 30 at 6-8.) The Thompson Declaration is forty-four paragraphs of near-identical language asserting that Toast "requires discovery concerning" broad categories, never tied to any specific document or fact already in the record. (D.E. 32-1 ¶¶ 14-36.) Plaintiff's four counts present different degrees of factual dispute, several resting on Defendants' own admissions and records rather than anything within Toast's unique knowledge; a declaration that never distinguishes among them cannot support deferring all four. Absolute POS LLC filed no declaration of its own, was not even served with Toast's motion (D.E. 32-1 at 9), and yet received the same blanket denial.

Second, the declaration is not competent under Federal Rule of Evidence 602. It is signed by Jeremy Thompson, Toast's outside litigation counsel, swearing to facts entirely outside his personal knowledge, including who hired Plaintiff, who set his pay, and who controlled

4

discipline and termination. (D.E. 32-1 ¶ 16.) No declarant with actual personal knowledge of Toast's internal operations has submitted anything in this case.

Third, Toast's own conduct contradicts its representation that the discovery sought "is not sought for delay." (D.E. 32-1 ¶ 42.) Toast waited until the nineteenth day of its original twenty-one-day answer window to seek its first extension (D.E. 20, 21), then answered on the final day of the extended period (D.E. 22, 31). Absolute POS LLC was not served until thirteen days after Toast and likewise answered on its own final day despite having been in contact with them daily regarding day to day business.. (D.E. 23, 29.) Both Defendants again waited until the final day to respond to Plaintiff's Motion for Summary Judgment, and did so not with an opposition but with the Rule 56(d) Motion at issue, filed and granted the same day. (D.E. 24, 32, 33.) Plaintiff's own attempt that same week to schedule the mandatory Rule 26(f) conference fared no better: the only date defense counsel offered was the same day Defendants' own response to Plaintiff's Motion for Summary Judgment was due, meaning any conference that day could have shaped what Defendants put into that response before it was filed. That was strategically disadvantageous to Plaintiff, and he declined the date for that reason. A sworn urgency about needing discovery without delay is difficult to reconcile with a pattern of using every available day of every deadline and then asking for more.

Fourth, as to the joint employer and FLSA claims, Toast's declaration and Answer repeatedly frame the question as whether Plaintiff "was a Toast employee," rather than the economic realities test that actually governs joint employer status under Layton v. DHL Express (USA), Inc., 686 F.3d 1172, 1175-76 (11th Cir. 2012). See, e.g., D.E. 31, Answer ¶¶ 1, 2, 28, 29, 33, 59, 60, 63; D.E. 32-1 ¶¶ 7, 17, 19. Plaintiff has never alleged direct employment by Toast; his theory is that Absolute POS LLC was his direct employer while Toast simultaneously exercised

5

sufficient control to qualify as a joint employer under 29 C.F.R. § 791.2, a theory that does not depend on the absence of a direct employment relationship. A declaration built on a mischaracterization of the governing legal standard cannot establish that discovery is "essential" to oppose a motion whose actual theory it does not engage.

That mischaracterization is also contradicted by the existing record. Toast's Answer admits only that Plaintiff "occasionally communicated with a Toast Onboarding Consultant." (D.E. 31, Answer ¶ 8.) But on June 17, 2025, after Plaintiff reported a missed appointment to APOS's own CEO, Martin Dillingham, Dillingham's response was: "Did you already reach out to the customer and oc to let them know what happened?" (Ex. U.) That exchange, a party admission under Federal Rule of Evidence 801(d)(2), shows that notifying the Toast consultant was APOS's own expected protocol whenever something went wrong in the field, not occasional contact. APOS's own Answer corroborates the same point, admitting that Toast issued and controlled Plaintiff's database credentials, that Toast onboarding consultants communicated with Plaintiff regarding job-completion status, and that Toast's travel platform was used for Plaintiff's business travel. (D.E. 29, Answer ¶¶ 6, 8, 11.)

Because the threshold showing Rule 56(d) requires was never made, the Magistrate Judge had no occasion to reach the question of which remedy to grant, and an order combining blanket deferral with full denial in the same breath is contrary to law. Plaintiff has additional record evidence bearing on these same contradictions and has deliberately not attached it here; this Objection is confined to the procedural defects in the order itself, not a vehicle for relitigating the underlying motion.

6

**RELIEF REQUESTED**

For the foregoing reasons, Plaintiff respectfully requests that the Court:

**A**. Treat the portion of the June 22, 2026 order (D.E. 33) denying Plaintiff's Motion for Summary Judgment (D.E. 24) as subject to de novo review, given that no Defendant has consented to magistrate jurisdiction over dispositive matters under 28 U.S.C. § 636(c);

**B**. Upon de novo review, vacate the denial and either rule on the merits of Plaintiff's Motion for Summary Judgment directly, or remand with instructions that any ruling engage the record and address each count individually, rather than issue as a single undifferentiated paperless order;

**C**. Hold that any Rule 56(d) deferral, on remand or otherwise, must be supported by a claim-specific showing, by a declarant with personal knowledge, consistent with Rule 56(d) and the Magistrate Judge's own Standing Discovery Order (D.E. 30); and

**D**. Grant such other and further relief as the Court deems just and proper.

<u>**DEFENDANTS**</u>

**Counsel for Defendant Toast, Inc.**
Jennifer Taylor, Esq. - Jennifer.Taylor@jacksonlewis.com
Jeremy Thompson, Esq. - jeremy.thompson@jacksonlewis.com
Jackson Lewis P.C.,
Miami, FL 33131
**Counsel for Defendant Absolute POS LLC**
David J. Goldman, Esq. - david@musiccityfirm.com
Seamus T. Kelly, Esq. - contact@musiccitylaw.com
Music City Law, PLLC,
Nashville, TN 37203

Date: June 23, 2026            Respectfully Submitted ,

Nathaniel Gonzalez, Plaintiff, Pro Se
160 W. Camino Real, #509
Boca Raton, FL 33432
nategonz92@gmail.com

7