**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**WEST PALM BEACH DIVISION**

NATHANIEL GONZALEZ,

    *Plaintiff,*

v.

TOAST INC. and ABSOLUTE POS LLC,

    *Defendants.*

_____/

FILED BY_____D.C.

AUG 1 4 2026

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S.D. OF FLA. – W.P.B.

Case# 9:26-cv-80463-BER

## NOTICE OF RIPENESS OF PLAINTIFF'S MOTION FOR JUDGMENT ON THE PLEADINGS ON COUNT III (DE 50)

Plaintiff Nathaniel Gonzalez respectfully brings to the Court's attention that judgment on Count III is currently ripe for ruling. Pleadings on Count III have been admitted by Defendant Absolute POS LLC. The original 12(c) motion for judgment was filed July 24, 2026. It has been docketed as of July 27, 2026. The deadline for Defendants to respond to the motion was August 7, 2026. No response has been filed. Defendant Absolute POS LLC admitted in paragraph 70 of its Answer (DE 29) that it has no record reflecting that a COBRA election notice was generated or mailed to Plaintiff. Every element of the claim is established on the face of the pleadings. The affirmative defense raised fails on the timeline alone. No discovery is required for Count III. Plaintiff respectfully asks the Court to rule on the pending motion at its earliest convenience.

Since the separation from his previous employers, Plaintiff has struggled to return to the workforce. The circumstances of his discharge and the conduct that followed left him unable to trust the workforce would follow the law and that the law would be upheld. Although this case's

progress toward resolution, however slow, has begun to restore some of that trust, the past month alone has made it nearly impossible to move forward. In the last month, Plaintiff's vehicle was repossessed, eliminating the majority of employment opportunities. His registered support dog, Simon, has been diagnosed with prostatitis and requires approximately $1,600 in immediate veterinary treatment. Plaintiff has tried to mitigate these expenses by paying for a second opinion reflected in the invoices from Boca Palms Animal Hospital and Chewy Veterinary Clinic. Without his vehicle, Plaintiff cannot look for work. Without treatment, his registered support animal's condition will worsen.

The statutory penalties owed to Plaintiff on Count III alone would be sufficient to retrieve his vehicle, obtain treatment for his support animal, and get back to being a contributing member of society. This is a small piece of the relief necessary to begin making Plaintiff whole, and the Court has before it an admission in the pleadings, evidence referenced in the complaint and on the record for verification, a properly filed motion, and no response from the Defendant. Any further delay in ruling on count III will result in significant harm to the Plaintiff and would be for reasons beyond his control.

**RELIEF REQUESTED**

A) Rule on Count III based on the pleadings and answers to the First Amended Complaint.

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on August 14, 2026, a true and correct copy of the foregoing was served on all counsel of record via electronic mail:

**Counsel for Defendant Toast, Inc**
Jennifer Taylor, Esq. — jennifer.taylor@jacksonlewis.com
Jeremy Thompson, Esq. — jeremy.thompson@jacksonlewis.com
Jackson Lewis P.C., Miami, FL 33131

**Counsel for Defendant Absolute POS LLC:**
David J. Goldman, Esq. — david@musiccityfirm.com
Seamus T. Kelly, Esq. — contact@musiccitylaw.com
Music City Law, PLLC, Nashville, TN 37203

Dated: August 14, 2026

Respectfully Submitted,

Nathaniel Gonzalez, Plaintiff, Pro Se
160 W. Camino Real, #509
Boca Raton, FL 33432
(978) 225-7886
nategonz92@gmail.com