UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 26-CV-80463-BER

NATHANIEL GONZALEZ,

Plaintiff,

v.

TOAST, INC., *et al*,

Defendants.

_______________________________________/

**ORDER ON PLAINTIFF'S CONTINUED SHOW OF CAUSE [ECF No. 62]**

Nathaniel Gonzalez, proceeding *pro se*, filed a Continued Show of Cause under Federal Rule of Civil Procedure 40 and 29 U.S.C. § 215 (a)(1) ("Motion"). ECF No. 62. For the following reasons, the Motion is **DENIED**.

## I. LEGAL BACKGROUND

The Southern District of Florida requires parties to confer before certain motions are filed:

> Prior to filing any motion in a civil case, . . . counsel for the movant shall confer . . . with all parties or non-parties who may be affected by the relief sought in the motion in a good faith effort to resolve by agreement the issues to be raised in the motion. Counsel conferring with movant's counsel shall cooperate and act in good faith in attempting to resolve the dispute. At the end of the motion, and above the signature block, counsel for the moving party shall [provide a certification].

S.D. Fla. L.R. 7.1(a)(3). The Local Rules allow the movant to certify conferral in two ways: (1) the parties conferred, but did not resolve the issue(s); or (2) the movant has made "reasonable efforts to confer," but was unable to do so. *Id.*

If the movant does not provide a certificate of conferral in their motion, the Court has discretion to impose sanctions or deny the motion. *Mansour v. Mansour*, No. 17-24206-CIV, 2020 U.S. Dist. LEXIS 4760, at *16 (S.D. Fla. Jan. 8, 2020) (citing *see Stiles Corn v. Mt. Hawley Ins. Co.*, No. 12-CV-62045, 2013 WL 12086270, at *3 (S.D. Fla. Nov. 5, 2013)), *report and recommendation adopted*, 2020 U.S. Dist. LEXIS 254365 (S.D. Fla. May 27, 2020); *Taveras v. Fla. DOT*, No. 22-CV-23745, 2023 WL 5428488, at *2 (S.D. Fla. Aug. 23, 2023) ("Non-compliance with Local Rule 7.1(a)(3) is grounds for denying the motion.").

## II. ANALYSIS

The Motion requests (1) the case be set for an expedited trial, (2) the Court rule on his pending Motion for Judgment on the Pleadings, (3) the Court direct Defendants to clarify when the parties conferred on discovery, (4) the Court direct Defendants to confirm their consent to Magistrate Judge jurisdiction, and (5) permission to refile his Motion for Summary Judgment before discovery closes. ECF No. 62 at 3.

First, Mr. Gonzalez fails to provide a certificate of conferral in the Motion. *See id.* at 3-4. Still, I exercise my discretion not to strike the Motion for failure to comply with the Southern District of Florida's Local Rules. Mr. Gonzalez is reminded to comply with the Local Rules for the Southern District of Florida. Failure to comply may result in adverse action.

Second, the Court works to deliver a "just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1. Mr. Gonzalez has already requested that the Court swiftly rule on his pending Motion for Judgment on the Pleadings *less than one week ago* and a mere *four days* after his Motion for Judgment on the Pleadings became ripe for decision. ECF Nos. 50, 59. Further, his Motion for Judgment on the Pleadings has been ripe for less than two weeks. ECF No. 50. As the Eleventh Circuit has said, "[p]atience is a virtue." *Fleming v. United States*, 127 F.4th 837, 839 (11th Cir. 2025). As always, the Court assures all litigants that motions are decided as quickly as possible.

Third, the Scheduling Order was entered on August 3, 2026. ECF No. 57. Prior to the Scheduling Order being entered, the parties filed separate discovery plans on July 27, 2026. ECF Nos. 51, 52. Notably, Mr. Gonzalez's Unilateral Discovery Plan ("Unilateral Plan") was filed first, requesting a trial in October and arguing that Defendants have consented to proceed without discovery. ECF No. 51. Mr. Gonzalez made this argument despite Defendants' opposition to his Motion for Summary Judgment months prior, where they explained their need for discovery. ECF No. 32. Further, the Unilateral Plan was filed in contradiction to the Local Rules that require the parties to file a proposed *Joint* Scheduling Order. S.D. Fla. L.R. 16.1(b)(3).

Fourth, I have explained in prior Orders that Defendants have consented to Magistrate Judge jurisdiction. ECF Nos. 35, 41, 49. For the same reasons, I continue to deem Defendants to have impliedly consented to Magistrate Judge jurisdiction.

Fifth, and relatedly, I have explained in multiple prior Orders that Mr.

Gonzalez may not refile his Motion for Summary Judgment until the close of discovery. ECF Nos. 33, 41, 49. That ruling has not changed.

**DONE and ORDERED** in Chambers at West Palm Beach, Palm Beach County, in the Southern District of Florida, this 20th day of August 2026.

BRUCE E. REINHART
UNITED STATES MAGISTRATE JUDGE